WILLIAM A. SUTTON, APPELLANT, *v.* JOHN SABEY, JR., RESPONDENT.

*Motion to vacate an order of arrest—where it must be made—Code of Civil Procedure, §§ 568, 769.*

Section 568 of the Code of Civil Procedure, authorizing a motion to vacate an order of arrest, founded upon proof by affidavit on the part of the defendant, to be made " to the court, or, if the order was granted by a judge out of court, to any judge of the court upon notice," is not in conflict with, nor does it abrogate the provisions of section 769 of the said Code, which requires all motions, upon notice, in an action in the Supreme Court, to be made within the judicial district in which the action is triable, or in a county adjoining it, except that when it is triable in the first judicial district, the motion must be made therein.

APPEAL from an order vacating an order of arrest.

*Isaac L. Miller*, for the appellant.

*Cowles & Wright*, for the respondent.

DAVIS, P. J.:

The place of trial of this action is the city and county of New York. An order of arrest was granted therein by one of the justices of this court, out of court, in the city of New York. An application was made to one of the justices of this court, at his chambers in the city of Syracuse, in the fifth judicial district, to vacate the order of arrest. This application was founded upon proofs by affidavit on the part of the defendant; and the only question presented to the justice was, whether such a motion could be made before him elsewhere than in the city of New York.

Section 568 of the Code of Civil Procedure, so far as it applies to the question now before us, is as follows:

" An application " for vacating the order of arrest, " specified in the last section, may be founded only upon the papers upon which the order was granted, in which case it must be made to the court ; or, if the order was granted by a judge out of court, to the same judge in court or out of court, and with or without notice, as he deems proper, and the application must be made upon those papers only ;

or it may be founded upon proof by affidavit on the part of the defendant, in which case it must be made to the court, or, if the order was granted by a judge out of court, to any judge of the court, upon notice."

The error into which the learned judge has fallen is, in supposing that the provisions of this section, allowing the motion to be made to any judge of the court upon notice, abrogated, or are in conflict with other provisions of the Code, in respect to the place where motions can be made, and the time of notice to be given. Section 769 enacts that a motion upon notice, in an action in the Supreme Court, must be made within the judicial district in which the action is triable, or in the county adjoining that in which it is triable, except that where it is triable in the first judicial district, the motion must be made in that district. There is nothing in this section at all inconsistent with the provisions of section 568, which allow a motion to vacate an arrest, under certain circumstances, to be made to any judge of the court as well as to the judge who granted the order. The sole object of the provision was to declare that such a motion might be entertained by any other judge of the court. The question of the place where the same is to be heard is not involved in section 568 at all, and the two must be collated and read together in order to get at the true meaning of the former section. So, also, in respect to notice. This section provides that it may be made to any judge of the court upon notice. What notice? Certainly that described by other provisions of the Code, which fix the time of notice to be given, unless it be shortened by special order. These sections are all consistent with each other; and it follows that the true construction of section 568 is, that a motion to vacate an order of arrest, granted by a judge out of court, may be made before any other judge of the same court within the judicial district in which any other motion in the action can be made, upon the notice prescribed by law. If, therefore, the learned judge who sat in this case had been in the city and county of New York, he would have had full power to have heard and disposed of this motion; but he is not authorized to entertain it out of the district composing the city and county of New York, because section 769 expressly declares that the motion must be made in that district when the cause of action

is triable there. If this be not so, it would be in the power of the defendant, in any action of this kind, where the parties all resided in the city of New York, to move to vacate such an order before a judge of the court in the most distant county of the State, without regard to the question where the action was triable by law, and in direct disregard of the provisions of section 769. Such a construction would lead to great abuse and embarrassment, and therefore, ought not to be adopted unless absolutely necessary. We think it is not in this case.

The order should be reversed, with $10 costs.

Present—DAVIS, P. J., and BARRETT, J.

Order reversed, with $10 costs, and disbursements.